#0584-11151 #8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUREGN LEBOUEF**<br>**ISAIAH VERDIN, AND**<br>**SERGIO LEBOUEF**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, L.L.C.**<br>**AND DYNAMIC OFFSHORE**<br>**RESOURCES, L.L.C.** | **CIVIL ACTION NO: 2:12-cv-2927**<br><br>**SECTION "I"**<br><br>**JUDGE LANCE M. AFRICK**<br><br>**DIVISION "1"**<br><br>**MAG. JUDGE SALLY SHUSHAN** |

### ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, REC Marine Logistics, LLC (hereinafter "REC Marine" or "defendant"), and for answer to the Complaint For Damages of plaintiff, Suregn LeBouef, respectfully represents as follows:

### FIRST DEFENSE

Plaintiff's Complaint For Damages fails to state a claim against REC Marine upon which relief can be granted.

### SECOND DEFENSE

REC Marine objects to the jurisdiction and venue of this Court and denies that proper service has been made.

### THIRD DEFENSE

Plaintiff's Complaint For Damages is barred by the applicable period of prescription and/or statute of limitations and/or laches.

**FOURTH DEFENSE**

**AND NOW**, for answer to the particular allegations of plaintiff's Complaint For Damages, REC Marine avers as follows:

I.

The allegations contained in Paragraph 1 of plaintiff's Complaint for Damages contain conclusions of law which require no response on the part of REC Marine. To the extent that a response is deemed necessary, the allegations contained in Paragraph 1 are denied.

II.

The allegations contained in Paragraph 2 which pertain to REC Marine are denied, as REC Marine is not a corporation, but rather a limited liability company. The remainder of the allegations contained in Paragraph 2 do not pertain to REC Marine, and require no response on its part. To the extent that a response is deemed necessary, the remainder of the allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of plaintiff's Complaint For Damages are denied.

IV.

It is admitted that plaintiff was employed by REC Marine on December 14, 2011. The remainder of the allegations contained in Paragraph 4 of plaintiff's Complaint For Damages are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of plaintiff's Complaint For Damages are denied.

VI.

The allegations contained in Paragraph 6 of plaintiff's Complaint For Damages are denied.

VII.

The allegations contained in Paragraph 7 of plaintiff's Complaint For Damages are denied.

VIII.

The allegations contained in Paragraph 8 of plaintiff's Complaint For Damages are denied.

IX.

The allegations contained in Paragraph 9 of plaintiff's Complaint For Damages are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of plaintiff's Complaint For Damages are denied.

XI.

The allegations contained in Paragraph 11 of plaintiff's Complaint for Damages are denied.

XII.

The allegations contained in Paragraph 12 of plaintiff's Complaint for Damages are denied.

**FIFTH DEFENSE**

REC Marine denies the allegations of any unnumbered and/or misnumbered paragraphs and any allegations contained in the plaintiff's Complaint For Damages which have not heretofore been addressed, as well as those allegations contained in the prayer for relief.

**SIXTH DEFENSE**

To the extent that plaintiff has sustained any injury or injuries, which is specifically denied, REC Marine avers that plaintiff was not in the course and scope of his employment or in the service of a vessel at the time of any alleged injury, and therefore can have and make no recovery herein.

**SEVENTH DEFENSE**

Without waiving the above and foregoing, and further answering if same be necessary, REC Marine avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical condition which was neither caused nor aggravated by any act or omission of REC Marine, thus barring or mitigating any recovery by plaintiff herein.

**EIGHTH DEFENSE**

Further answering plaintiff's Complaint For Damages, REC Marine avers that if this Court should find that plaintiff sustained any injury or injuries, all of which is denied, and should the Court find that the accident complained of herein was caused or contributed to by the negligence of REC Marine, which is also denied, the same was also caused or contributed to by the negligence and lack of due care on the part of plaintiff, and REC Marine specifically pleads such contributory negligence as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

**NINTH DEFENSE**

REC Marine further avers that if plaintiff sustained any injury or injuries, which is denied, said injury or injuries were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which REC Marine is in no way responsible.

**TENTH DEFENSE**

REC Marine further avers that the injuries alleged by plaintiff were caused in whole or in part by the fault, acts, negligence or omissions of a third party or parties over whom REC Marine exercised no control or supervision and for whom REC Marine has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that plaintiff is entitled to recover from REC Marine, which is denied, plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

### ELEVENTH DEFENSE

In the further alternative, REC Marine alleges and avers that plaintiff has failed to mitigate his alleged damages and recovery herein is defeated or mitigated.

### TWELFTH DEFENSE

REC Marine alleges and avers that it is entitled to exonerate or limit its liability under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.*, should it be found liable unto plaintiff in any regard, which is specifically denied. REC Marine in no way waives its right to pursue exoneration or limitation as a defense in any subsequent proceeding in any court of competent jurisdiction.

### THIRTEENTH DEFENSE

REC Marine alleges and avers that at all pertinent times the vessel upon which plaintiff alleges to have been injured was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

### FOURTEENTH DEFENSE

REC Marine avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

### FIFTEENTH DEFENSE

REC Marine alleges and avers that, pursuant to the U.S. Supreme Court's decision in *Miles v. Apex Marine Corp.*, plaintiff's minor children, Isaiah Verdin and Sergio LeBouef, are not entitled to damages for loss of love, affection and/or consortium.

**WHEREFORE**, the premises considered, REC Marine Logistics, LLC, prays that this, its Answer to the plaintiff's Complaint For Damages be deemed good and sufficient and that after due proceedings are had, there be judgment herein in favor of defendant, REC Marine Logistics, LLC, and against plaintiff, dismissing plaintiff's Complaint For Damages at plaintiff's cost, and that defendant, REC Marine Logistics, LLC, be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras St., Ste. 4700
New Orleans, LA 70139
Telephone:   (504) 528-3001
Facsimile:   (504) 528-3030
Attorneys for REC Marine Logistics, LLC

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of February, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*